COHEN v. PARNASS et al.

(Supreme Court, Appellate Term. May 2, 1905.)

1. EXCHANGE—TENDER OF DEED—NECESSITY OF MAINTAINING.

A flat refusal on defendant's part to comply with a contract for the exchange of properties relieves plaintiff of the necessity of keeping good the tender of a deed made by him, or of preserving the deed in an unmutilated form, in order to enable him to maintain an action for damages under the contract.

2. SAME—OPTION TO EXCHANGE—TIME OF EXERCISING.

Defendants agreed to sell plaintiff certain premises, and, the title being found imperfect, plaintiff agreed to accept other premises in their place. It was thereupon further agreed that plaintiff should have "the option on ten days' notice in writing after the title" of the premises originally agreed to be conveyed should be perfected, to exchange a conveyance of the premises conveyed to him for a conveyance of the premises originally agreed to be conveyed. Held, that plaintiff was entitled to 10 days after notice of perfection of title to exercise and communicate his option to make the exchange, and a reasonable time thereafter to tender performance, and was not required to make the tender within 10 days from the notice.

Appeal from City Court of New York, Trial Term.

Action by Morris Cohen against Samuel Parnass and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellants.

Paul Hellinger, for respondent.

LEVENTRITT, J. This is an appeal by the defendants from a judgment entered on the direction of a verdict in favor of the plaintiff. The material facts are undisputed. On December 24, 1901, the defendants agreed to sell plaintiff the premises No. 169 Monroe street. On examination the title was found to be imperfect, and on February 24, 1902, the parties, by a proper instrument, agreed to substitute the premises No. 173 Monroe street. The clause of this agreement on which this action depends reads as follows:

"It is also further agreed that the party of the second part shall have the option on ten days' notice in writing after the title of No. 169 Monroe street shall have been perfected, before the parties of the first part shall sell or convey the same to any other purchaser, to exchange a conveyance of No. 173 Monroe street for a conveyance of No. 169 Monroe street, subject to the same amount of first mortgage, and with a like second mortgage to that on 173 Monroe street. Should the parties of the first part, however, fail to carry out this agreement last mentioned, then they shall pay to the party of the second part the sum of five hundred dollars ($500) as liquidated damages."

Title to No. 173 Monroe street passed under this agreement. Thirteen months later the defendants, under date of March 21, 1903, sent the plaintiff the following notice: "Sir:—Please take notice that the title to No. 169 Monroe street has been perfected." Three days thereafter—that is, March 24, 1903—letters were sent to the defendants and to their attorneys notifying them that the plaintiff, the then owner of No. 173 Monroe street, "desires to exchange said premises for the premises No. 169 Monroe street," in accordance with their notice and pursuant to the agreement of February 24, 1902, and asks them to "set a date for such exchange of title." The letters were received, but not answered. They were ignored. On April 2, 1903, being the twelfth day after the notice of March 21st, the plaintiff made a formal demand of a deed of No. 169 Monroe street, tendering one of No. 173 Monroe street in return. Much is made of the question of tender, but it is not very material, in our view of the case, especially as we are agreed that the plaintiff's tender was sufficient, and that the defendants' flat refusal relieved him of the necessity of either keeping it good or preserving the deeds in an unmutilated form in order to enable him to maintain his action for damages under the agreement. A different question might be presented had the plaintiff sued in specific performance. There is no doubt that under the agreement of February 24, 1902, time was of the essence of the contract. The question is, to what did the time relate? Did the plaintiff have 10 days after notice that the title had been perfected to exercise and communicate his option to exchange the property, and a reasonable time thereafter to make tender, or was he required within 10 days after notice to make the tender? The agreement is inartistically drawn, and is subject to various constructions. We are of the opinion, however, that the former construction is expressive of the real intent of the parties. As a concession the plaintiff took a piece of property other than he had originally contracted for. As an inducement for the taking the defendants agreed to give him an opportunity after the title had been cured to secure the subject of his original bargain. The plaintiff would reasonably and naturally want a space of time after notice to determine for himself whether the title had been in fact cured. It was not contemplated that he should accept the defendants' word for it. Ten days' time is not excessive. It is not to be assumed that the plaintiff was expected to make his examination, clear his property of subsequent incumbrances, and tender his deed within the short space fixed in the agreement. Without going into refinements in analyzing the rather uncertain terms of the contract, we are at least satisfied that

any construction that would not give the plaintiff 10 days to exercise his option would do violence to the intent of the parties as we gather it from the surrounding circumstances.

Judgment affirmed, with costs. All concur.